IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINH THI MINH TRAN,

        Plaintiff,

  v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

No. 3:16-cv-01971-HZ

OPINION & ORDER

Linh Thi Minh Tran
12542 S.E. Capella Court
Happy Valley, OR 97086

    Pro se Plaintiff

Brett Edward Eckelberg
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105

1 – OPINION & ORDER

Janice E. Hebert
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

HERNÁNDEZ, District Judge:

Defendant Commissioner of Social Security Administration brings this "Motion to Strike Extra-Record Evidence" from pro se Plaintiff Linh Thi Minh Tran's Complaint. The Court grants Defendant's motion.

## BACKGROUND

Plaintiff alleges disability beginning November 1, 2011. Tr. 24. Plaintiff appeared at a hearing for disability benefits before an Administrative Law Judge ("ALJ") on June 26, 2015, but the hearing was postponed because Plaintiff's medical file was incomplete. Tr. 52–54. The ALJ allowed Plaintiff additional time to submit medical records. Tr. 54.

On February 17, 2016, Plaintiff appeared for another hearing before an ALJ. Tr. 55. On March 8, 2016, the ALJ found that Plaintiff was not disabled under the Social Security Act. Tr. 36–37. On August 9, 2016, the Appeals Council denied Plaintiff's request for review. Tr. 7.

On October 11, 2016, Plaintiff filed a Complaint in this Court, seeking review of the ALJ's decision. Compl. Plaintiff attached 46 pages to her Complaint. Compl. Ex. 1, ECF 1-1.

## STANDARDS

Under the Social Security Act, courts may review decisions of the Social Security Commissioner. 42 U.S.C. § 405(g). Remand of an ALJ decision in a social security case occurs under either sentence four or sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan,* 501 U.S. 89, 99–100 (1991). A sentence four remand is a final judgment that the "agency erred in some respect in reaching a decision to deny benefits," which must be based solely on the

administrative record before the district court. *Akopyan v. Barnhart,* 296 F.3d 852, 854 (9th Cir. 2002). Sentence six remands, by contrast, do not constitute final judgments. *Id.* at 855. Instead, sentence six remands are made absent a determination of whether the ALJ erred, and in only two situations: "where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Id.* The claimant has the burden of demonstrating materiality and good cause. *Mayes v. Massanari,* 276 F.3d 453, 462 (9th Cir. 2001); *see also Bales v. Comm'r of Soc. Sec.*, No. 3:14-CV-01553-HZ, 2015 WL 5686884, at *4 (D. Or. Sept. 25, 2015), *aff'd sub nom. Bales v. Berryhill*, No. 15-35904, 2017 WL 1488289 (9th Cir. Apr. 26, 2017).

## DISCUSSION

Defendant moves to strike the documents attached to Plaintiff's Complaint.[1] The Court grants Defendant's motion.

## I. Documents Already in the Record

Half of the attached pages are already in the record. While some of the documents submitted by Plaintiff contain additional handwritten notations, the notations do not materially change the substance of what is already included in the record. The Court will consider these documents upon review of the Commissioner's decision, regardless of whether the pages remain attached to Plaintiff's Complaint. Thus, the Court strikes the following 23 pages, contained in Exhibit 1 to the Complaint: 3-5, 10-11, 16, 18-19, 21, 23-24, 31-33, 35-36, 39-42, 44-46. *See* Compl. Ex. 1.

///

---

[1] Defendant refers to "43 pages of extra-record evidence." Def.'s Mot. Dismiss 1, ECF 23. However, Plaintiff's Complaint includes 46 pages of attachments. Compl., Ex. 1. The Court construes Defendant's motion as one to dismiss all 46 pages.

## II. Extra-Record Documents

As to the other 23 pages that Plaintiff attaches to her Complaint, the Court may not consider the documents for a sentence four remand because such evidence was not presented to the ALJ or the Appeals Council. *Akopyan*, 296 F.3d at 854. The Court could consider the documents pursuant to a sentence six remand, but only if Plaintiff demonstrates that she has good cause for failing to present the documents to the agency and that the documents are material. *Id.* at 855.

### A. Good Cause

"To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier." *Mayes*, 276 F.3d at 463. Plaintiff does not explain why she failed to submit all available evidence to the ALJ or Appeals Council prior to filing her Complaint.[2] The Court strikes the following pages of Exhibit 1 to the Complaint because the documents were available before the Appeals Council's review: 9, 12-13, 17, 20, 22, 25-26, 29-30, 34, 37-38, 43. *See* Compl. Ex. 1.

### B. Materiality

Evidence submitted under sentence six is material if it "might have changed the outcome of a prior proceeding." *Melkonyan*, 501 U.S. at 98. The evidence must concern the claimant's condition "on or before the date of the ALJ's . . . decision." *Fernandez v. Massanari*, 12 F. App'x 620, 621–22 (9th Cir. 2001). Of the pages that have yet to be stricken from Plaintiff's Complaint, none of them concern Plaintiff's condition on or before the date of the ALJ's decision. *See* Compl. 1-2, 6-8, 14-15, 27-28 (including a letter indicating that the Appeals

---

[2] Plaintiff submitted an eight-page statement to the Appeals Council on August 9, 2016. Compl. 6; Tr. 401–08. The Appeals Council accepted the statement and incorporated it into the record. *Id.* Plaintiff does not explain why she was able to submit that statement but not the other documents that she seeks to include at this time.

Council accepted Plaintiff's statement as evidence, a photocopied envelope, and medical documents concerning alleged injuries arising from an incident with public transportation that occurred after the ALJ's decision). Plaintiff fails to explain why she included the additional evidence. Because these remaining pages are immaterial, the Court strikes them from Plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, the Court construes Defendant's motion as concerning all of the documents attached to Plaintiff's Complaint and grants Defendant's Motion to Strike [23]. Plaintiff is ordered to file her opening brief in this case, citing only to documents in the record, within 30 days of the date below.

IT IS SO ORDERED.

Dated this \_\_\_2\_\_\_ day of \_\_\_August\_\_\_, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge