IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINH THI MINH TRAN,

        Plaintiff,

   v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

No. 3:16-cv-01971-HZ

OPINION & ORDER

Linh Thi Minh Tran
12542 S.E. Capella Court
Happy Valley, OR 97086

   Pro se Plaintiff

Brett Edward Eckelberg
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105

Janice E. Hebert
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland, OR 97204

HERNÁNDEZ, District Judge:

Pro se Plaintiff moves for reconsideration of this Court's August 2, 2017 Opinion & Order, which granted Defendant's motion to strike 46 pages of documents attached to Plaintiff's complaint. The Court denies Plaintiff's motion.

## BACKGROUND

On October 11, 2016, Plaintiff filed a complaint in this Court, seeking review of an Administrative Law Judge's decision to deny her disability benefits. Compl., ECF 1. Plaintiff attached 46 pages to her complaint. Compl. Ex. 1, ECF 1-1. Defendant Commissioner of Social Security Administration brought a "Motion to Strike Extra-Record Evidence" from Plaintiff's complaint.

The Court granted Defendant's motion. *Tran v. Comm'r Social Security Admin.*, No. 3:16-CV-01971-HZ, 2017 WL 3293486, at *1 (D. Or. Aug. 2, 2017). Half of the pages Plaintiff attached to her complaint are already in the record. *Id.* Thus, the Court explained that it would consider these documents upon review of the Commissioner's decision. *Id.* The other half of the pages had not been presented to the ALJ or the Appeals Council. *Id.* at *2. The Court struck these documents because Plaintiff failed to show that she had good cause for failing to present the documents to the agency and that the documents are material. *Id.* Plaintiff was ordered to file her opening brief in this case, citing only to documents in the record, by September 1, 2017. *Id.*

## STANDARDS

A party may seek reconsideration of a ruling under Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (citation and quotation marks omitted). Under Rule 60(b), a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). However, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)).

## DISCUSSION

Plaintiff moves for reconsideration of this Court's order. Plaintiff does not cite any of the Rule 60(b) reasons in support of her motion. Instead, she contends that the "Court Transcript Index," prepared by the Social Security Administration for Plaintiff's case, demonstrates that the ALJ "had already received all plaintiff's medical history records since 2/28/2012 up until

2/3/2016." Pl.'s Mot. Recons. 2, ECF 31. Plaintiff attaches the entire record (625 pages) from her Social Security Administration proceeding. Record, ECF 32-1.

Because Plaintiff fails to provide any reason for this Court to reconsider its Order, the Court denies Plaintiff's motion. However, to the extent Plaintiff is worried about which documents the Court will consider in her case, the Court assures Plaintiff that it will consider all of the documents and medical history records that are included in the record. *See* 42 U.S.C. § 405(g) ("As part of the Commissioner's answer the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.") (emphasis added). To the extent Plaintiff is once again seeking to include the 46 pages of documents attached to her complaint, this Court has already considered and denied that request.

## CONCLUSION

Plaintiff's motion for reconsideration [31] is denied. Plaintiff's opening brief is due 15 days from the date below.

IT IS SO ORDERED.

Dated this ___13___ day of ___September___, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge

4 – OPINION & ORDER